IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NA-QUAN KURT LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-163 (JLH) |
| | ) | |
| SGT. BOBBY CUMMINGS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 18th day of December, 2025;

WHEREAS, Plaintiff Na-Quan Kurt Lewis filed this action *pro se* and proceeds in forma pauperis;

WHEREAS, on June 20, 2025, the Court granted Plaintiff's request for leave to amend his complaint, as follows:

> **On or before July 31, 2025,** Plaintiff may file an Amended Complaint that complies with this Order. Plaintiff's Complaint is mostly unintelligible, but he appears to be asserting that he was unlawfully denied access to the courts. However, the Complaint does not sufficiently plead such a claim. If Plaintiff chooses to file an Amended Complaint, it must cure the deficiencies with Plaintiff's denial of access claim. Where a plaintiff asserts a backward-looking denial of access claim, *i.e.*, one seeking a remedy for a lost opportunity to present a legal claim, he must show the loss of a "nonfrivolous" or "arguable" underlying claim, "the official acts frustrating the litigation," and "a remedy that may be awarded as recompense but [that is] not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415, 417 (2002) (noting that a backward-looking denial of access complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued."). The Complaint fails to describe the underlying legal action, or actions, to show that Plaintiff lost nonfrivolous and arguable claims by way of Defendant's denial of access to the Delaware Superior Court on or about February 7, 2025. Explanations of what prevented Plaintiff from later taking the

>> denied legal action, and why recompense is not otherwise available, are also needed. *See Christopher*, 536 U.S. at 415, 417.

(D.I. 22);

WHEREAS, on July 21, 2025, Plaintiff filed an Amended Complaint (D.I. 25);

WHEREAS, the Amended Complaint alleges (1) that former Delaware Superior Court President Judge Jan Jurden "issued a lawful order requiring Plaintiff to give 24-hour advance notice before entering the courthouse and that he be escorted by Capitol Police when present"; (2) that Defendant ordered Delaware Capitol Police officers to remove Plaintiff from the courthouse on February 7, 2025, even though Plaintiff had been approved to enter on that day; (3) that the Capitol Police "have repeatedly . . . cancel[led Plaintiff's] visits under false pretense"; and (4) that Plaintiff has been "prevented . . . from filing motions and subpoenas . . . and deprived . . . of the use of the law library, thereby harming his ability to fight ongoing legal cases and placing his liberty at risk" (D.I. 25 at 2–3);

WHEREAS, Counts I–III of the Amended Complaint allege that Plaintiff was unconstitutionally denied access to the courthouse, but the Amended Complaint does not comply with the Court's instruction to describe the underlying state court legal action and allege facts plausibly suggesting that Plaintiff lost nonfrivolous and arguable claims in that action by way of Defendant's denial of access to the courthouse on February 7, 2025 (or on any other date);

WHEREAS, Plaintiff's opposition to Defendant's motion to dismiss suggests that Plaintiff could seek injunctive relief against future denial of access, but the Amended Complaint does not plausibly allege any ongoing denial of access, much less any ongoing denial of access by Defendant;

WHEREAS, Count IV of the Amended Complaint contends that Plaintiff's Fourth Amendment rights were violated when Defendant instructed other officers to "forcibly remove"

Plaintiff from the courthouse on February 7, 2025, and "Plaintiff was physically touched and pushed by Capital Police during the removal"; however, (i) Plaintiff does not mention this count in his opposition to the motion to dismiss; and (ii) the Amended Complaint fails to allege facts plausibly suggesting that Defendant authorized the use of unnecessary and/or unreasonable force under the circumstances or that Defendant failed to intervene in the use of unreasonable force;

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss the Amended Complaint (D.I. 28) is **GRANTED.** The Amended Complaint is DISMISSED.

IT IS FURTHER ORDERED that any request for leave to amend must be filed on or before January 16, 2026, and must be accompanied by a copy of the proposed amended pleading.

_____
The Honorable Jennifer L. Hall
United States District Judge